## MOODY & a. v. DOWNS & GIGNOUX, *Tr.*

A surviving partner's assignment of all real and personal estate " belonging to me personally, or as surviving partner * * * to divide and pay all the balance of said proceeds among all my creditors according to law," conveys his separate property for the benefit of his separate creditors, and the partnership property for the benefit of the partnership creditors.

Such an assignment is not rendered void by a mortgage made by the debtor to secure one of his creditors before the assignment and on the same day, if the mortgage and assignment are distinct and independent transactions, and the mortgage is not made in contemplation of the assignment.

FOREIGN ATTACHMENT. Facts found by the court. The defendant is sued as surviving partner of W. Downs & Son. The firm was composed of W. Downs and his son, the defendant. The defendant assigned to the trustee all real and personal estate " belonging to me personally, or as surviving partner of W. Downs & Son * * * to sell * * * and convert the same into money * * * to divide and pay all the balance of said proceeds among all my creditors, according to law, in proportion to their respective claims." The plaintiffs claim that the assignment is void because it does not convey partnership and separate property of the assignor, and does not provide for an equitable distribution of the property among partnership and separate creditors.

The day before the assignment was made the partnership goods were attached by a partnership creditor, and one Caswell loaned the defendant money to discharge the attachment by paying the debt, and took his note therefor. The same day Caswell requested security, and the next morning, before the assignment, the defendant gave Caswell a mortgage of some of the partnership goods. The assignee took possession of all the assigned property, sold it, and from the proceeds paid the mortgage debt. The mortgage and assignment were distinct and independent transactions, and the mortgage was not made in contemplation of the assignment. The plaintiff claimed that the payment of the mortgage debt was a fraudulent preference.

*J. W. Emery,* for the plaintiff.

*Frink & Batchelder* and *C. Page,* for the trustee.

SMITH, J. The language of the assignment is, " all my real and personal estate and property of every kind belonging to me personally or as surviving partner of the firm of W. Downs & Son

\* \* \* to divide and pay all the balance of said proceeds among all my creditors according to law in proportion to their respective claims." This is a conveyance of the assignor's separate property and the partnership property for the benefit of the respective creditors of himself and of the firm. Unless this construction is given to the assignment, the words "personally or as surviving partner of the firm of W. Downs & Son" are superfluous. By law, Downs, as surviving partner, had the exclusive possession, custody, and control of the partnership property. He held the legal title, but in trust for the benefit of the creditors, and for the benefit of himself and of the representatives of his deceased partner in the surplus. In *Fellows* v. *Greenleaf*, 43 N. H. 421, 429, the assignment was held to convey to the assignee the assignor's right to the partnership property in addition to his individual estate, his interest in the partnership property being his share in the surplus after payment of the company debts. But in that case the assignment was executed by one partner only, the other member of the firm being alive. In this case the assignment was by the survivor of the partnership, representing himself, and being all that was left of the firm. *Adams* v. *Hackett*, 27 N. H. 289; *Boyd* v. *Webster*, 58 N. H. 336.

The debts due from the partnership are also due from the surviving partner. *Thompson* v. *Briggs*, 28 N. H. 40. He is chargeable with the whole of the partnership debts, and the interest of the partners in the chattels and choses in action is deemed so far a joint tenancy as to enable the surviving partner to take the property by survivorship for all purposes of holding and administering the estate, until the effects are reduced to money and the debts are paid. When the purposes of the partnership are accomplished, the surviving partner must account with the representatives of the deceased partner for his just share of the partnership funds. *Dyer* v. *Clark*, 5 Met. 562, 576; *Boyd* v. *Webster*, *supra ;* *Parker* v. *Bowles*, 57 N. H. 491, 495, 496; *Shanks* v. *Klein*, 104 U. S. 18. The language of the assignment providing for a distribution of the proceeds of the property "among all my creditors, according to law, in proportion to their respective claims," means a distribution among the individual and partnership creditors of the assignor. The law distributes the proceeds of the partnership property to the partnership creditors to pay their claims before any of it goes to pay individual creditors, and individual creditors have the right to all the debtor's individual property to pay their claims, before any of it goes to pay creditors of the firm. The provision in the assignment for a distribution of the proceeds of the property assigned according to law is sufficiently definite to show that the intention of the assignor was to provide for a distribution of the proceeds of his separate estate to his private creditors, and of the partnership estate to the partnership creditors.

Under the finding at the trial term, that the mortgage to Caswell

was not made in contemplation of the assignment, no question of fraud in the assignment arises. Whether the mortgage is valid as against the other creditors of the firm, or as against the assignee, we do not need to inquire. If the payment by the assignee to Caswell was unauthorized, his account when presented for settlement in the probate court may be objected to for that reason. It is presumed the creditors are fully protected by his bond.

*Trustee discharged.*

ALLEN, J., did not sit: the others concurred.